```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES W. SHEARARD JR.,

                  Plaintiff,

      - against -                         MEMORANDUM & ORDER
                                          09-CV-0963(JS)(ETB)
TIMOTHY GEITHNER, SECRETARY OF
TREASURY,

                  Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Stephanos Zannikos, Esq.
                    Frank & Associates, PC
                    500 Bi-County Boulevard
                    Farmingdale, NY 11735

For Defendant:      Diane C. Leonardo-Beckmann, Esq.
                    United States Attorneys' Office
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

Plaintiff, James W. Shearard, Jr. ("Plaintiff" or "Shearard") commenced this action on March 9, 2009, alleging that the Defendant failed to reasonably accommodate his disability and also created a hostile work environment in violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq. (the "Act") (Compl. ¶ 12.) On June 25, 2009, Defendant filed a motion to dismiss. On July 29, 2009, Plaintiff filed an Amended Complaint, and on August 26, 2009, Defendant renewed its motion to dismiss with regard to the Amended Complaint [DE 9].

On March 18, 2010, this Court issued an Order ("March 2010 Order") dismissing Plaintiff's claims, and directing that the case be closed. Thereafter, the parties notified the Court that Plaintiff unintentionally failed to file his opposition to

Defendant's motion to dismiss, but had served the opposition on the Defendant. Accordingly, on March 19, 2010, Plaintiff submitted the present motion for reconsideration, asking the Court to reconsider the decision it reached in the March 2010 Order.[1] Upon reconsideration, Plaintiff's motion is DENIED and the Amended Complaint remains DISMISSED.

BACKGROUND

For an in-depth discussion of the facts and procedural history of this case, see the Court's March 2010 Order. Essentially, the dispositive issue in this case is whether, through equitable tolling, Plaintiff has sufficiently exhausted his procedural remedies.

DISCUSSION

I. Standard Of Review On Motion For Reconsideration

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a

---

[1] Notably, Plaintiff does not argue why reconsideration is appropriate in a new memorandum of law, showing why the present facts meet the standards of either Rule 59 or 60 of the Federal Rules of Civil Procedure. Instead, Plaintiff simply files his approximately six-month-past-due memorandum in opposition to Defendant's motion.

2

proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

In this case, Plaintiff fails to assert under which Rule he seeks reconsideration. He has not pointed to "matters or controlling decisions" that would have influenced the Court's prior decision; therefore, Rule 59(e) is inapplicable. Thus, the Court presumes that Plaintiff is seeking reconsideration

under Rule 60(b) based on mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud: in other words, Plaintiff's counsel believes that his failure to comply with the Court's rules requiring that he actually file his opposition papers warrants reconsideration under Rule 60(b). Of course, because counsel fails to submit a memorandum in support of his motion for reconsideration, he could not provide the Court with any authority citing attorney carelessness as a basis for granting a Rule 60(b) motion. Moreover, in its own search, the Court has not found any authority to support the proposition that counsel's failure to read the Court's motion practices provides a basis for Rule 60(b) relief. For this reason alone, then, Plaintiff's motion should be DENIED.

## II. Administrative Exhaustion Requirements

Even if the Court presumes that Plaintiff's counsel's misunderstanding of--or failure to read--the Court's motion practices provides a basis for Rule 60(b) relief, his motion must still be DENIED. Under the Act, Plaintiff was required to file a formal EEOC complaint to exhaust administrative remedies.

> EEOC regulations require an employee suing the federal government under the Act to exhaust certain administrative remedies before initiating a suit in the district court. Thus, an aggrieved agency employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act. See 29 C.F.R. § 1614.105(a)(l). The employee must then file an EEO complaint with the agency that allegedly discriminated against the complainant. Id. § 1614.106.

4

Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000) (internal citations omitted). "The purpose of the exhaustion requirement, which is to give the administrative agency the opportunity to investigate, mediate, and take remedial action[.]" Stewart v. U.S. Immigr. & Natur. Serv., 762 F.2d 193, 198 (2d Cir. 1985).

As the Court noted in its March 2010 Order, although Plaintiff spoke to an EEO counselor in January 2005, he never satisfied the remaining requirements of administrative exhaustion. Instead, Plaintiff claims that he exhausted his administrative remedies by filing a complaint on June 2, 2005 with the Treasury Inspector General for Tax Administration ("TIGTA"). (See Am. Compl. ¶¶ 4, 75.) But Plaintiff was not employed by TIGTA, and TIGTA is not part of the IRS. In fact, TIGTA

> was established under the IRS Restructuring and Reform Act of 1998 to provide independent oversight of IRS activities. Through its investigative programs, TIGTA addresses threats arising from lapses in IRS employee integrity, violence directed against the IRS, and external attempts to corruptly interfere with federal tax administration.

See U.S. Treasury Inspector General for Tax Administration (TIGTA), www.treas.gov/tigta/about_what.shtml (last visited May 10, 2010). Thus, there is nothing to suggest that a complaint to TIGTA satisfies the EEO requirements, and, to date, Plaintiff fails to plead that he ever completed a pre-complaint form or a formal complaint with the EEO office. Finally, Plaintiff never received a right to sue letter, which is a prerequisite to filing suit in federal court.

> Generally, equitable tolling is appropriate in
>
> rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights. Courts are to consider whether the person seeking the application of equitable tolling (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.

Pena v. Potter, No. 07-CV-2772, 2009 WL 1256896 (2d Cir. May 7, 2009) (citing Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003)). As Defendant correctly points out, however, equitable tolling only applies when Plaintiff complies with the requirements at some point after the deadline; equitable tolling cannot altogether obviate the need to comply with the statutory requirements. Here, Plaintiff has not plead that he ever fulfilled the requirements.

Even if Plaintiff did file with the EEO at some point, the filing must have been within a reasonable amount of time for equitable tolling to apply. To provide an excuse for non-compliance, Plaintiff states that he was undergoing a variety of physical and mental problems in or around the time when he would have been required to file the EEO complaint. Moreover, Plaintiff also states that he was misinformed by the EEO counselor with whom he spoke, and that the TIGTA was non-responsive to his requests. But, again, as Defendant properly points out:

> Even assuming arguendo that the EEO counselor provided incorrect information, Plaintiff waited over 100 days to contact TIGTA by phone; waited over 90 days to send TIGTA a complaint; and then waited over six months to follow-up on the complaint. Again, assuming

6

> arguendo, that Plaintiff believed that this investigation satisfied EEO requirements, Plaintiff did not file the instant suit until March 2009, two and one-half years later. Plaintiff did not diligently pursue this matter.

(Def.'s Mem. In Further Supp. 5.) Accordingly, even under the circumstances outlined by Plaintiff, equitable tolling cannot save his claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Amended Complaint remains DISMISSED and the case remains CLOSED.

```
                              SO ORDERED

                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.
```

Dated:   May 30, 2010
         Central Islip, New York